(No. 3788— 

J. Roy Browning, as Trustee for the Estates of the Burton Coal Company, the Seymour Coal Company and the Freeman Coal Mining Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 12, 1946.*

Jacob B. Courshon, for claimant.

George F. Barrett, Attorney General, for respondent; William L. Morgan and William C. Wines, Assistant Attorneys General, of counsel.

Damron, J.

J. Roy Browning, as trustee for the estates of the Burton Coal Company, the Seymour Coal Company and the Freeman Coal Mining Company, files this claim, seeking an award of $7,000.00.

The facts are not in dispute.

In the month of December, 1935, a contract was en-. tered into by and between the above named Seymour Coal Company and Freeman Coal Company, of Chicago, Illinois, and the Industrial Commission of the State of Illinois, in order to qualify these companies as self-insurers under the provisions of the Workmen's Compensation Act of the State of Illinois, said agreement, marked Exhibit B, being in words and figures as follows:

### THIS AGREEMENT WITNESSETH:

That the undersigned, the SEYMOUR COAL COMPANY and FREEMAN COAL MINING COMPANY of Chicago, Illinois, has on the date hereof, deposited with the undersigned, Industrial Commission of State of Illinois, the following:

Seymour Coal Company.....................................$2,000.00
Freeman Coal Mining Company.............................. 2,000.00 .

$4,000.00

The said mining companies are each to pay to the said Industrial Commission the sum of $375.00 each month to be held by said Commission until the aggregate amount reaches the sum of $5,000 for each of said mines when a new escrow agreement is to be executed making some banking institution the escrowee under an agreement similar to this said agreement. (said monthly payments to be made on the first Monday of each month commencing January, 1936.)

It is agreed by and between the parties hereto that the said moneys shall be held by the said Industrial Commission as a guarantee for the payment of any judgments entered against the said Seymour Coal Company and Freeman Coal Mining Company for the payment of any sums found by process of law to be due to the employees of the said Seymour Coal Company and Freeman Coal Mining Company under a law of the State of Illinois, known as the Workmen's Compensation Law, approved June 28, 1913, and in force July 1, 1913, and that the said moneys shall be held until released and surrendered to the said Seymour Coal Company and Freeman Coal Mining Company in accordance with the further terms of this Agreement.

It is further agreed between the parties that the said moneys shall be surrendered to the said Seymour Coal Company and Freeman Coal Mining Company upon the presentation to the undersigned, the Industrial Commission, of a certificate or statement signed by the Industrial Commission of Illinois, and the said Seymour Coal Company and Free-

man Coal Mining Company that no payments are due and unpaid from the said Seymour Coal Company and Freeman Coal Mining Company to its employees or others under the Compensation Law.

It is further understood and agreed by and between the parties that the interest from these moneys shall be surrendered to the Seymour Coal Company and the Freeman Coal Mining Company as it becomes due.

SIGNED AND SEALED at Chicago, Illinois, this...........day of December, A. D. 1935.

ILLINOIS INDUSTRIAL COM-
MISSION,
 By (L. J. O'CONNELL)
 *Chief Security Examiner*

SEYMOUR COAL COMPANY,
 By (FRED A. BURTON)
 *Partner*

FREEMAN COAL MINING COM-
PANY,
 By (FRED A. BURTON)
 *President*

Pursuant to said agreement, the Burton Coal Company, for and on behalf of the Seymour Coal Company and the Freeman Coal Mining Company, deposited with the Industrial Commission, the following amounts of money:

| | |
|---|---:|
| December 2, 1935 | $2,000.00 |
| December 2, 1935 | 2,000.00 |
| January 2, 1935 | 750.00 |
| February 1, 1936 | 750.00 |
| April 6, 1936 | 750.00 |
| May 11, 1936 | 750.00 |
| Total | $7,000.00 |

The above deposits were made by check, payable to the Industrial Commission of the State of Illinois, and were deposited to the credit of the Industrial Commission, by one L. J. O'Connell, its chief security examiner, in the Centennial Illinois National Bank and Trust Company of Chicago.

Thereafter, there was issued a certificate or notice of approval, by the Industrial Commission, certifying that the above named coal companies were self-insurers,

under Section 26 of the Workmen's Compensation Act, and had complied with all of the terms and provisions set up in said act.

On November 7, 1938, in the District Court of the United States for the Northern District of Illinois, Eastern Division, in consolidated causes No. 69296, entitled "In the Matter of the Burton Coal Company, a corporation, debtor, Seymour Coal Company, a corporation, debtor, Freeman Coal Mining Company, a corporation, debtor," the above claimant, J. Roy Browning, was appointed trustee and the exclusive possession and control of all of the above named property, assets and business of said companies, wherever located, were entrusted to the said J. Roy Browning, as such trustee, the order of said appointment being attached to the complaint and marked Exhibit A, and made a part thereof.

On or about April 22, 1939, pursuant to the Statute of the State of Illinois, the said Seymour Coal Company and Freeman Coal Company elected to insure their entire liability to pay any judgments entered against them, or either of them, for the payment of any sums found due to the employees or their dependents under the Illinois Workmen's Compensation Act, by purchasing policies of insurance with the Bituminous Casualty Company of Rock Island, Illinois, which said policies of insurance undertook to cover all of the employees and the entire compensation liability of both coal companies and from that date until the filing of this complaint, said policies of insurance have been in full force and effect. The complaint states, and it is not denied by the respondent, that from the time of the deposit of money with the Industrial Commission, as aforesaid, until the issuance of the policies of insurance with the said Bituminous Casualty Company, many awards or judgments were made and

entered against said Seymour Coal Company and Freeman Coal Company, in favor of sundry of their employees, and each and every of such awards or judgments were duly or promptly paid, so that at no time were any of the funds heretofore deposited with the Industrial Commission ever resorted to; the complaint further states that there does not now exist any judgments against said companies, or either of them, entered in compliance with the provisions of said Workmen's Compensation Act, that remain unpaid, or in-default, and it is further alleged, in said complaint, and is not denied by the respondent, that there has not been and is not now, any further need, necessity or requirement by law, or otherwise, that the monies deposited under and pursuant to the contract, above set forth, be held by said Industrial Commission, and that the trustee of and for the estate of said companies, is entitled to the return of said funds, together with all interest due thereon, as provided in said written contract.

Attached to said complaint, and made a part thereof, is a written demand, marked Exhibit C, dated February 15, 1943, addressed to Alfred J. Borah, Chairman of the Industrial Commission of the State of Illinois, 205 West Wacker Drive, Chicago, Illinois, making formal demand on the Industrial Commission for the return of the sum of $7,000.00, heretofore deposited with the Industrial Commission, as aforesaid, under the terms of the written contract entered into, as aforesaid. This exhibit shows that the claimant had made, prior thereto, repeated demands upon the Industrial Commission for the return of the money deposited with it, as aforesaid, but that said Industrial Commission failed and refused to return said money or any part thereof.

The question to be decided in this case is whether or

not the State of Illinois is liable to the claimant for the return of the sum of $7,000.00, heretofore deposited with said Commission, as above set forth.

The respondent urges many reasons why the claim should be denied. It concedes that the funds heretofore deposited by the claimant are not on hand and states that the funds have been dissipated without the consent of the claimant. It concedes also that the companies deposits of the funds, in question, were, in all respects, lawful, proper, and in accordance with law, and that no measure of diligence on claimant's part could have prevented the loss which was sustained.

The respondent admits that the chief security examiner, Lawrence J. O'Connell, embezzled these funds deposited by this claimant with the Industrial Commission of Illinois.

The deposit of money represented by this claim was an involuntary transaction and was required by the law of the State of Illinois, before the claimant could do business in this State. (Ill. Rev. Stat. 1941, Chap. 48, par. 172-26.)

The respondent questions the authority of the Industrial Commission to enter into this contract. It has been held that the Industrial Commission is authorized by law to enter into a contract such as we find here. (*Pinkerton's Nat. Detective Agency* vs. *Fidelity & Deposit Co.*, 138 Fed. 2d. 469.)

In that case the Court said: "Having held that the Commission had the authority (to receive and hold the bonds in trust), we think there is little room to doubt but that O'Connell was acting in his official capacity. The record discloses in numerous ways that he was held out to the public as agent and representative of the commission."

It appears to the court that the contract entered into by the State, through its Industrial Commission, is one to be upheld by this court. This was a contract which the Industrial Commission had a legal right to make and that the State is bound thereby. The Industrial Commission breached this contract. Under this contract, the employers (claimant herein) had a right to believe that its deposit would be returned upon full compliance upon its part. The contract provided for the return of the deposit if the coal companies ceased doing business or substituted an insurance policy therefor. The claimant elected to furnish a policy. The policy was accepted by the Commission. No judgments or awards were outstanding against the deposit at the time demand was made for the refund.

We think it would be against public policy and we can not believe the legislature intended that an employer, when complying with Sec. 26 of the Act, deposited money or securities at his peril. If a party including the state, desires to limit his liability thereunder in the event of contingencies, he must make provision therefor in said contract.

At the time this claim was filed in this Court there was pending in the District Court of the United States, for the Northern District of Illinois, Eastern Division, a cause of action, entitled Montgomery Ward & Co., Incorporated, Plaintiff, vs. Fidelity and Deposit Company of Maryland, a corporation, Defendant—Fidelity and Deposit Company of Maryland, a corporation, Cross-complainant, vs. Montgomery Ward & Co., Incorporated, et al., Cross-Defendants, Civil Action No. 43C 1105. This claimant was made party Cross-Defendant to the Cross-complainant, in the nature of a bill of interpleader, which was filed in said cause by the Fidelity and Deposit Co.

of Maryland, Defendant and Cross-complainant, and summons was issued upon this Claimant as such Cross-defendant therein, and this Claimant was required by order of Court to file his answer therein. In said answer this Claimant as Cross-defendant made claim against said Fidelity and Deposit Co. of Maryland as surety for Lawrence J. O'Connell, an employee and chief security examiner of the Industrial Commission of the State of Illinois, basing said claim upon the alleged embezzlement by said Lawrence J. O'Connell, of funds amounting to the sum of $7,000.00 heretofore deposited with the Industrial Commission. The respondent, through its Attorney General in its brief filed November 21, 1945, contended that inasmuch as the cause of action above referred to was still pending in the United States District Court, that the claimant had not exhausted his legal remedies before filing his claim in this Court and called this Court's attention to our invariable rule that access may not be had to the Court of Claims until the claimant has exhausted all other means of relief.

On October 18, 1946, a statement was filed by this claimant in this Court in reference to the cause of action heretofore pending in the District Court of the United States, for the Northern District of Illinois, Eastern Division, Civil Action No. 43C 1105, showing that upon the petition of this claimant as Cross-defendant in said cause in said District Court, a summary hearing was had upon the claim of this claimant against the Fidelity & Deposit Co. of Maryland, resulting in an order entered in said cause on October 11, 1946, denying the right of recovery on the part of this claimant as Cross-defendant, and dismissing this claimant as Cross-defendant from said proceedings with prejudice.

A certified copy of said decree being filed in the

Court of Claims, marked ·exhibit "B" and made a part of this record.

After careful consideration of the record in this case, we are convinced this claim should be allowed and the deposit, heretofore made to the Industrial Commission, be refunded to the claimant.

An award is therefore entered in the sum of $7,000.00 in favor of J. Roy Browning, as trustee of the Estates of the Burton Coal Company, the Seymour Coal Company and the Freeman Coal Mining Company.